Tayxoii, Chief Justice.
 

 It is a rule readily deducible from the authorities, that the Plaintiff cannot recover in an action of deceit, unless he prove, not only7 that a fraud lias been committed by the Defendant, but also, that it has occasioned a loss and damage to the Plaintiff. He must have been deprived, by fraudulent means, of some benefit or advantage, that the law7 gave him a right to demand.
 

 But it is by no means a necessary consequence of the establishment of both propositions, that the Plaintiff is entitled to recover in this action; for a question of law still arises upon the facts, whether the deceitful means employed, were, in themselves, calculated to impose upon a person exercising the ordinary prudence and circumspection, which men usually bring to the management of their affairs.
 

 
 *22
 
 Truth and good faith ought to characterise every contract between men ; and there can be but one opinion relative to the immorality of asserting ownership in property, with a knowledge of its falsehood, with a view to induce another to make a purchase. Yet there are many violations of the moral law, for which no compensation can be given in a court of justice; some injurious consequence, some actual loss to the party confiding, must presented in a tangible form; and the misrepresentation must be of a kind, the falsehood of which was not readily open to the detection of the other party.
 

 Now it appears to me, that the conduct of the Defendant was not calculated to impose on any one of common prudence: he pointed out these two acres of low ground as belonging to the tract he wished to sell, but they were, at the very time, the property and in the possession, of another person. It might be supposed, that this circumstance alone would be sufficient to awaken the Plaintiff’s suspicion, and incite him to examine, or procure to be examined, the registry books. It is a very reasonable principle, that the purchaser should not be entitled to an action of deceit,' if he may readily inform himself, as to the truth of the facts, which are misrepresented.— Accordingly, we find that, if the seller of a house affirm that the rent was more than it really is, whereby the purchaser was induced to give more for it than it was worth, an action will lie; for the value of the rent is within the private knowledge of the landlord and the tenant, and they may collude to deceive the purchaser. But if the seller affirm, that the thing sold is worth so much, or that one would have given so much for it, although the affirmation be false, yet if the buyer anight inform himself as to the value, no action lies. 1
 
 Salk.
 
 211. 2
 
 Ld. Ray.
 
 1118.
 

 And in this case, though the assertion was false, and made with a view to induce the Plaintiff to buy the land, yet he might easily have informed himself as to the state
 
 *23
 
 of the title. It is laid down in another case, that if one .should sell lands, wherein another is in possession;, or a horse whereof another is possessed, without covenant or warranty for the enjoyment, it is at the peril of him who buys, and no reason lie should have an action by the law, where he did not provide for himself. (2
 
 Cro.
 
 196.) So if a purchaser neglect to look into the title, it will be considered as his own folly, and he can have no relief,
 

 Sugdm,
 
 347.
 

 2dly. No damage has resulted to the Plaintiff from the fraudulent misrepresentation of the Defendant; though the Plaintiff paid the purchase-money in the expectation of having the two acres, as part of the tract ; yet when, he discovered that the spring branch formed the southern boundary, he elected not to accept the deed, as he had a fight to do, and thereby became entitled to recover back the purchase-money. The receipt of this with interest, would place the parties in
 
 statu quo,
 
 and complete the justice of the case. If damages were awarded in this case, they would be given for a bare naked falsehood 5 the detection of which, before the consummation of the bargain, prevented any ill consequence to the Plaintiff, who has not. been deceived in the sale, though he may have lost a bargain.
 

 I think there ought to be a new trial.